IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Illinois Policy Institute and the Technology & Manufacturing Association,<br><br>    Plaintiffs,<br>    v.<br><br>Jane R. Flanagan, in her official capacity as Director of the Illinois Department of Labor,<br><br>    Defendant. | Case No. 1:24-cv-06976<br><br>Hon. Franklin U. Valderrama |

### CONSENT MOTION TO ENTER JUDGMENT

On September 30, 2025, the Court entered an opinion and order granting Defendant's motion to dismiss, ECF 38, and Plaintiffs have now filed a notice of appeal to the U.S. Court of Appeals for the Seventh Circuit, ECF 39. On October 30, 2025, the Seventh Circuit issued an order asking the parties whether they intend to ask this Court to issue a judgment set out in a separate document. *See* Ex. A (Oct. 30, 2025 Order).

Pursuant to Civil Rule 58(d), Defendant respectfully requests that the Court enter judgment here in a separate document under Rule 58(a). Rule 58(a) generally "requires that a judgment be 'set out in a separate document.'" *Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Loc. 150*, 824 F.3d 645, 650 (7th Cir. 2016) (quoting Fed. R. Civ. P. 58(a)). Although there are exceptions to that rule, *see* Fed. R. Civ. P. 58(a)(1)-(5), an opinion granting a motion to dismiss is not one of them, and so a judgment set out in a separate document is required here.

As the Seventh Circuit's order suggests, the Court retains jurisdiction to comply with Rule 58(a) notwithstanding Plaintiffs' filing of a notice of appeal. Where a notice of appeal is filed before the judgment is set out in a separate document, that notice "does not prevent the district court from finishing its work and rendering a final decision." *Wis. Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006); *see id.* at 504-05 (concluding that district court retained

jurisdiction to comply with Rule 58(a) after party filed notice of appeal); Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.").

A proposed judgment reflecting the Court's September 30 opinion will be submitted to the Court.

Plaintiffs consent to this motion.

Dated: November 4, 2025            Respectfully submitted,

Alex Hemmer                                KWAME RAOUL,
R. Henry Weaver                         Attorney General of Illinois, on behalf of
Office of the Illinois Attorney General      Defendant Jane R. Flanagan
115 S. LaSalle St.
Chicago, IL 60603                       By:    */s/ Alex Hemmer*
*alex.hemmer@ilag.gov*                      Deputy Solicitor General
(312) 814-3000